### WONDERFUL WORKERS OF THE WORLD v. WOODS.  (No. 7131.)

Court of Civil Appeals of Texas. Austin.
June 15, 1927.

Rehearing Denied July 6, 1927.

**1. Appeal and error** ⟵1050(1)—**Admitting testimony by secretary of lodge that beneficiary paid insured's dues held immaterial, where receipt book was admitted.**

In action by beneficiary on insurance certificate against benevolent association, involving only issue whether insured paid local secretary all dues due at time of her death, admitting testimony by secretary and assistant secretary of local lodge that beneficiary had paid all monthly dues of insured prior to her death *held* immaterial, where receipt book was in evidence.

**2. Appeal and error** ⟵994(2)—**Appellate court cannot consider conflicts in testimony which affected witnesses' credibility.**

Conflicts in cross-examination of secretary and assistant secretary of local lodge of benevolent association, sued on insurance certificate, affected credibility of witnesses and their opportunity to know whether all dues were paid, and cannot be considered by Court of Civil Appeals.

**3. Insurance** ⟵818(1)—**Financial receipt books of beneficiary and insured's husband held properly admitted, where association required beneficiary or members of insured's family to be members.**

In action by beneficiary on insurance certificate against benevolent association, admission in evidence of financial receipt book of beneficiary and of insured's husband was proper, where association required beneficiary or some other member of insured's family to be member of association; such receipt book showing that they were in good standing.

**4. Appeal and error** ⟵1050(1)—**Lodge secretary's testimony confirming honesty of assistant in charge, held harmless, if error, where both secretaries were charged with fraudulently giving receipts for insurance dues.**

In action under insurance certificate, in which defendant benevolent association charged both secretary and assistant secretary of local lodge with fraud in entering payment of dues in receipt book, testimony by secretary that she had never had reason to question acts of assistant secretary in charge during months in which insured's dues were alleged to have been paid, if error, was harmless.

**5. Trial** ⟵352(4)—**Issue of fraud in making entries in insured's receipt book held properly rejected, where evidence was insufficient to go to jury thereon.**

In action by beneficiary on insurance certificate against benevolent association, refusal to submit issue whether beneficiary, in collusion with secretary of local lodge, made false entries in insured's receipt book, *held* proper, where facts failed to disclose sufficient evidence to go to jury on issue.

**6. Trial** ⟵350(4)—**Alteration of insured's receipt book did not raise question of fraud against association sued on insurance certificate; unsigned receipts not showing payment of dues.**

In action by beneficiary on insured's certificate against benevolent association, question whether insured's receipt book had been altered did not raise question of fraud against association, since unsigned receipts did not show payment of dues, and since, if insured in fact paid dues, she was entitled to benefits of membership in association.

**7. Appeal and error** ⟵218(2)—**Complaint that issue submitted without objection was not proper basis for judgment cannot be made for first time on appeal.**

Where appellant made no objection to question complained of as submitted to jury, and did not tender any other proper issue, it cannot complain for first time on appeal that issue submitted was not proper as basis for judgment.

Appeal from Milam County Court; Jeff T. Kemp, Judge.

Action by John H. Woods against the Wonderful Workers of the World. Judgment for plaintiff, and defendant appeals. Affirmed.

Bush & Parten, of Franklin, for appellant.
B. P. Matocha, of Cameron, for appellee.

BAUGH, J. This is an appeal from a judgment for $200 in favor of appellee, John H. Woods, beneficiary in an insurance certifi-

cate issued to his mother, Rachel Woods, as a member of the Howze's Pride Lodge No. 37 of the Wonderful Workers of the World Benevolent Association. The color of the membership is scarcely open to doubt. The appellant defended on the grounds that Rachel Woods was "unfinancial"—that is, that she was delinquent—in the payment of her monthly dues at the time of her death on March 29, 1925, and had therefore forfeited her policy, and further that, if her receipt book showed payment of all dues, such entries had been made fraudulently and by connivance between John H. Woods and the secretary and assistant secretary of the local lodge. Appellee obtained a judgment in the justice court, and on appeal to the county court again obtained judgment upon a jury finding.

It appears that the Grand Lodge issued to its members, in addition to its certificate, a "Financial Receipt Book," which was retained by the member. Certain annual dues and monthly dues were to be paid by the member to the secretary of the local lodge, who made entries thereof in this receipt book and returned it to the member. The portion due the Grand Lodge was then forwarded by the secretary of the local lodge to the Grand Lodge. The member appears to have had no dealings directly with the Grand Lodge. The only issue submitted to the jury was whether or not Rachel Woods had paid to the local secretary all dues up to the time of her death, and the jury found that she had.

[1, 2] Appellant's assignments 3, 5, and 8 complain of testimony of appellee, of the secretary, and of the assistant secretary of the local lodge that appellee had paid all monthly dues of Rachel Woods prior to her death. There is no merit in any of these assignments. With the receipt book itself in evidence, it was immaterial that appellee testified as to what it showed. And the conflicts, upon cross-examination, in the testimony of the secretary and assistant secretary, were matters affecting the credibility of the witnesses, and their opportunity to know whether or not all dues were paid; matters with which we have no concern.

[3] Nor was it error, as complained of in assignment No. 4, to introduce the "Financial Receipt Book" of John H. Woods, Rachel Woods' son and beneficiary, and that of Tom Woods, her husband. Ordinarily such books would not be admissible for any purpose in a suit upon the certificate of Rachel Woods, but it appears that for some reason the by-laws of said organization required that the beneficiary, or some other member of deceased's family, also be a member of the association. Perhaps their certificate would have been the best evidence of membership, but their receipt books would have been admissible to show that they were in good standing. Even in its answer appellant excepted to appellee's petition on the ground that it did not allege that appellee, John H. Woods, was a member of said defendant organization. Certainly no harm could result from proving it.

[4] Assignment No. 6 complains that the secretary was permitted to testify, over objection, that she had never had any reason to question the assistant secretary's acts. The monthly dues in question were those for February and March, during which months it seems that the secretary was away from Cameron teaching school and the assistant secretary served in her stead. Appellant had charged both the secretary and assistant secretary with fraud in the transaction, and it appears that the secretary had approved the acts of the assistant secretary in making entries in the receipt books while she was away; but, if error, it was harmless.

[5, 6] Under its ninth assignment, appellant complains of the trial court's refusal to submit to the jury the question of whether or not appellee, in collusion with the local secretary and assistant secretary, had made false entries in Rachel Woods' receipt book, for the purpose of defrauding appellant. We overrule this assignment. Even if fraud was sufficiently pleaded by appellant, which we doubt, a careful reading of the statement of facts fails to disclose sufficient evidence to go to the jury on this issue. But we do not think that the question of whether the receipt book of Rachel Woods had been altered raised any question of fraud against the association. This book did not contain receipts showing payment of dues, nor were the entries therein signed by anyone. Regardless of what entries were made therein, or whether any at all had been made, if in fact Rachel Woods had paid all dues to the local secretary as they accrued, she was entitled to the benefits of her membership in the association, and there was sufficient evidence upon which the jury could find that she had.

[7] The eleventh assignment is also overruled. Appellant made no objection to the question as submitted to the jury, and did not tender any other proper issue. It cannot be heard to complain for the first time on appeal that the issue submitted was not a proper issue as a basis for judgment. From the record we think it clearly appears that the issue as presented was the only issue in the case, and, though considerable latitude seems to have been allowed the witnesses in their testimony, the jury resolved the conflicts and contradictions in favor of appellee, which was their prerogative.

Finding no such error in the record as would authorize a reversal, the judgment of the trial court is affirmed.

Affirmed.